UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY E. WINDEKNECHT, | ) |
| Petitioner, | ) |
| v. | ) No. 4:24-cv-00373-MTS |
| CHRISTOPHER BULLOCK, *et al.*, | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Larry Windeknecht's Motion for Leave to Proceed in Forma Pauperis. Doc. [2]. The Court has reviewed the Motion and the financial information submitted in support and concludes that Petitioner is financially unable to pay the filing fee. Therefore, the Court will grant the Motion. *See* 28 U.S.C. § 1915(a)(1). For the reasons discussed below, the Court will dismiss the Petition for lack of jurisdiction. *See Krein v. Norris*, 250 F.3d 1184, 1187 (8th Cir. 2001) (explaining subject matter jurisdiction "will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking"); *see also* Fed. R. Civ. P. 12(h)(3).

**Background**

Petitioner seeks a writ of mandamus against two Respondents, Christopher Bullock—who Petitioner identifies as Chief of the "St. Francois Police Department"—and Michael Blake Dudley—who Petitioner identifies as the "Prosecuting Attorney" of St. Francois County. Petitioner requests that the Court issue an order directing Respondents "to act on" statements Petitioner filed with them on April 21, 2023. Petitioner writes that these statements related to Dave Easter and Jarrod Hosking, two security officers at the

Sex Offender Rehabilitation and Treatment Services Center, where Petitioner is involuntarily committed. Elsewhere, Petitioner has claimed that Easter and Hosking assaulted and battered him on December 7, 2021.[1] Petitioner states that, though he filed his statements with Respondents, they have not brought criminal charges against Easter and Hosking. Citing to 28 U.S.C. § 1361, Petitioner asks this Court to order Respondents "to perform their duties."

## Discussion

Section 1361 of Title 28 provides federal district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." 28 U.S.C. § 1361. Here, Petitioner is not seeking to compel an officer or employee *of the United States* to do anything. Rather, he is seeking to compel state and local officials—a chief of police and a prosecutor for a Missouri county. The Court, therefore, lacks jurisdiction to grant the Petition under § 1361.[2] *See Waters v. Texas*, 747 F. App'x 259, 260 (5th Cir. 2019) (per curiam); *Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are

---

[1] *See Windeknecht v. Easter*, 4:22-cv-0009-JAR, 2024 WL 1283314, at *1 (E.D. Mo. Mar. 25, 2024) (granting summary judgment in favor of defendants Dave Easter and Jarrod Hosking on Petitioner's excessive force and assault and battery claims stemming from an incident occurring on December 7, 2021), *appeal docketed*, 24-1730 (8th Cir.); *see also United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (noting courts may take judicial notice of their own records, particularly records of prior litigation closely related to the case before them).

[2] Nor does the Court have subject matter jurisdiction to grant the Petition under the All Writs Act, 28 U.S.C. § 1651, because that Act "is not an independent source of subject matter jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 821 (8th Cir. 2009); *accord Morales v. Fla. Dep't of Corr.*, 346 F. App'x 539, 541 (11th Cir. 2009) (per curiam). Liberally construing the Complaint, *see Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015); *Bracken v. Dormire*, 247 F.3d 699, 702–03 (8th Cir. 2001), the Court cannot discern any other possible jurisdictional avenues over this Petition, *see Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials.").

without jurisdiction to grant a writ of mandamus against state and local officials."). When a federal district court lacks jurisdiction, as this Court concludes it does here, "the only function remaining . . . . is that of announcing the fact and dismissing the [case]." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)).[3]

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed in Forma Pauperis, Doc. [4], is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Mandamus is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FINALLY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered herewith.

Dated this 7th day of May 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court concludes that federal courts have no jurisdiction over this action, the Court will certify that an appeal from the dismissal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).